UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **VENECIA AURORA JAVIER,**<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>**COMMONWEALTH OF MASSACHUSETTS EXECUTIVE OFFICE OF LABOR AND WORKFORCE DEVELOPMENT,**<br><br>　　　　Defendant. | Civil Action No.<br>24-10498-FDS |

## ORDER

**SAYLOR, C. J.**

　　　Plaintiff Venecia Aurora Javier, who is proceeding *pro se*, has brought this action against the Massachusetts Executive Office of Labor and Workforce Development. The complaint asserts that Department of Unemployment Assistance ("DUA") is wrongfully "trying to collect back money that was paid to [her] during the Pandemic Covid-19" and "falsely accusing [her] of collecting money [in] multiple states." Compl. at 4. Javier represents that she already "appealed twice" with the DUA." *Id.*

　　　Upon review of the complaint, the Court concludes that it does not have jurisdiction over this matter. The Eleventh Amendment of the United States Constitution bars suits in federal courts against a state, its departments, and its agencies, unless the state has consented to suit or Congress has overridden the state's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438

U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).

Here, the Court cannot discern any claim for relief against the DUA for which the Commonwealth of Massachusetts has waived its immunity or for which Congress has overridden that immunity. Under Mass. Gen. Laws ch. 151A, § 42, a person seeking judicial review of an administrative decision concerning unemployment compensation must file a civil action in a state district court. In enacting this statute, the Massachusetts legislature gave state district courts, not federal district courts, jurisdiction to review such decisions.[1]

Accordingly, this action is DISMISSED without prejudice for lack of jurisdiction. The *in forma pauperis* motion shall be terminated as moot and no filing fee is assessed.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: April 8, 2024

---

[1] The Court notes that under Mass. Gen. Laws ch. 151A, § 42, a civil action for review of a decision by the DUA must be filed within 30 days of the date the decision in question was mailed to the aggrieved party (or within 30 days of the date an appeal is deemed denied). Whether that 30-day limitations period can be tolled is not a matter for this Court.